## COLONIAL FINANCE CO v WALTER F. WRIGHT COMPANY

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11710. Decided June 1, 1931

K. D. Carter, Cleveland, for Colonial Finance Co.

R. M. Ewing, Cleveland, for Wright Co.

HORNBECK, PJ, KUNKLE, J, (2nd Dist), and SHERICK, J, (5th Dist) sitting.

SHERICK, J.

Turning now to a consideration of the law applicable our attention is drawn to the case of **B. & O. Railroad Co. v Good, 82 Oh St 278.** We note therein that the court uses the following language:

"When a vendee obtains possession of a chattel with the intention by the vendor to transfer both the property and possession, although the vendee has committed a false and fraudulent misrepresentation in order to effect the contract or obtain possession, the property vests in the vendee until the vendor has done some act to disaffirm the transaction and the legal consequence is that if before the disaffirmance the fraudu-

lent vendee has transferred either the whole or a partial interest in the chattel to an innocent transferee, the title of said transferee is good as against the vendor."

In this same case on page 288 we observe that the court approves the language appearing in Benjamin on Sales, 5th Edition, 471:

"It is said in substance that in this country as well as in England, purchases by an insolvent buyer who does not intend to pay are treated as voidable and not void. That while in some of the states the transaction is treated as absolutely void, the rights of innocent purchasers from a fraudulent buyer are protected and that it is of little practical importance whether the protection is afforded on the ground that the original contract of sale is valid until disaffirmed or whether the preference of the right of an innocent third party can suffer from the fraud of a third, the loss shall fall on the one who enabled the third party to commit the fraud."

It is insisted by the Wright Company that LaRiccia was not clothed with any indicia of ownership in this car. Now it must be remembered that he was the president of the Collinwood Company and it appears from the record that at the time the Finance Company made the loan, he agreed to execute a bill of sale from his company to himself and that he agreed to do this on the following Monday and that it was not made at the time for the reason there was no bill of sale available.

We do not believe that the question as to whether or not LaRiccia had a bill of sale is in any way determinative of the question presented for it is held in the case of The Commercial Credit Co. v Schreyer, 120 Oh St 568, that one in possession of an automobile without a bill of sale, may execute a good and valid chattel mortgage thereon.

We would direct attention to a provision of the Uniform Sales Act which is helpful to a determination of this controversy, that being §8404 GC. This section provides:

"When the seller of goods has a voidable title thereto, but his title has not been avoided at the time of the sale, the buyer acquired a good title to the goods provided he buys them in good faith for value and without notice of the seller's defect of title."

It therefore appeals to us that the title of the Collinwood Company was voidable and if questioned in proper season by the Wright Company it could have been set aside; but it cannot now be alleged and charged that such is true as against the Finance Company who was an innocent third party to this transaction.

Further turning to 23 Ruling Case Law 1385, Sec. 208, we find that it is stated as a general rule that "it would seem on principle that if the buyer by fraudulent devices secured possession without paying the purchase price, a bona fide purchaser from him for value, would acquire a good title as against the seller's right to retake possession and a fortori if in addition to delivery to the buyer the seller also clothes him with the indicia of ownership * * * a subsequent purchaser from the buyer relying on such indicia of ownership will be protected." We further find that the case of Cohen v Chandler, 33 Oh St 178 is helpful as is also the case of Eaton & Co. v Davidson, 46 Oh St 355.

It is therefore the conclusion of this court that the Wright Co., cannot now assert title as against the Finance Co., who appears from the evidence as a bona fide purchaser for value; and it is further our view that the Wright Co., has made the wrong possible in this case by its failure to insist upon payment in cash for the car delivered by it to the Collinwood Co., and it must follow that the loss must be borne by the company who made the loss possible.

It is therefore the judgment of this court that the judgment of the trial court be reversed and the facts being not in dispute it is our further judgment that final judgment be entered in favor of the Finance Co. which is done accordingly.

Exceptions may be noted.

HORNBECK, PJ, and KUNKLE, J, concur.